5IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ZO SKIN HEALTH, INC., a California Corporation;<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOE, an individual;<br><br>Defendant. | **8:20CV85**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the plaintiff's motion for default judgment against defendant David Ostad and request for an evidentiary hearing, Filing No. 12. This is an action alleging trademark infringement, trademark dilution, false advertising, and unfair competition under the Lanham Act, 15 U.S.C. § 1114 *et seq.*, and common-law and state law claims, in connection with the defendant's allegedly unauthorized sales of the plaintiff's skin-care products on the Internet.

I.   BACKGROUND

The Clerk of the Court entered default against defendant Ostad in accordance with Federal Rule of Civil Procedure 55(a) because Ostad failed to plead or otherwise defend this action. Filing No. 11. To date, Ostad has not contested the entry of default or otherwise participated in this case.

In the Complaint, David Ostad is identified "[o]n information and belief" as an "individual and/or entity of unknown corporate form, and their citizenship and/or principal places of business is located in Old Westbury, New York." The record reflects that the summons was issued to Ostad on March 4, 2020. Filing No. 7. On March 30, 2020, service of the Summons and Complaint was made upon Ostad. Filing No. 9; Filing No.

1

9-1. On April 2, 2020, Proof of Service of the Summons and Complaint upon Ostad was filed with this Court. Filing No. 9; Filing No. 9-1. On June 9, 2020, ZO Skin Health filed a Motion for Clerk's Entry of Default in this matter as Ostad had not served an Answer or any other responsive pleading to ZO Skin's Health's Complaint as required by Fed. R. Civ. P. 12(a). Filing No. 10. The Clerk of Court entered a default against Ostad on June 9, 2020.

The attachment to the proof of service, a United States Postal Service domestic return receipt, indicates that ZO Skin Health served Ostad with a Summons and Complaint by certified mail at the following address: 7 Coachmans Court, Old Westbury, NY 11568. Filing No. 9-1. The return receipt is signed "David Ostad" as "agent" rather than "addressee," and the signature under "received by" is not clearly legible. *Id.* The Proof of Service, signed by Heather Vogele-Anson, shows a mark next to the entry, stating "I served summons on *(name of individual)* _____, who is designated by law to accept service of process on *(name of organization)* _____ on *(date)* \_\_\_." Filing No. 9, Proof of Service (italics in original). The name "David Ostad" and the date are typed in the appropriate blanks. *Id.* Affidavits submitted in connection with the motions do not state why service to the address was reasonably calculated to reach the defendant, whether the defendant is an individual or an entity, nor do they identify the individual who signed for the documents or state whether there is a registered agent. Also, it does not appear from the docket that the plaintiff's motions for entry of default and for default judgment were mailed or delivered to the defendant.[1]

---

[1] No service of pleadings and other papers is required on a party who in default for failing to appear, unless the pleading assets a new claim for relief against that party. Fed. R. Civ. P. 5(a)(2). Nevertheless, service of the motions could help establish that the defendant had been properly served with the summons and complaint.

ZO Skin Health seeks default judgment in the total amount of $1,853,052.60, representing three times the amount of Ostad's profits of $459,832.00 ($1,379,496.00) under 15 U.S.C. § 1117, plus post-judgment interest, attorney fees in the amount of $13,316.00, and the costs in the amount of $408.60. Further, it seeks a permanent injunction prohibiting Ostad or entities controlled by Ostad from advertising, selling, importing, exporting, manufacturing or distributing ZO Skin Health's products or Using its trademarks, among other things.

II. LAW

Under the Federal Rules of Civil Procedure, the entry of a default judgment against a party is committed to the "sound discretion of the trial court." *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015). It is "appropriate for a district court to enter a default judgment when a party fails to appropriately respond in a timely manner." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010). "Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010); *see also Cutcliff v. Reuter,* 791 F.3d 875, 882 (8th Cir. 2015). It is, however, "incumbent upon the district court to ensure that 'the unchallenged facts constitute a legitimate cause of action' prior to entering final judgment." *Marshall*, 616 F.3d at 852-53 (quoting *Murray*, 595 F.3d at 871). The standard for determining "what constitutes 'a sufficient basis' for the judgment" is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015); *accord Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015).

3

Moreover, "'a default judgment cannot be entered until the amount of damages has been ascertained.'" Hagen v. Sisseton–Wahpeton Cmty. Coll., 205 F.3d 1040, 1042 (8th Cir. 2000); see also Everyday Learning Corp. v. Larson, 242 F.3d 815, 819 (8th Cir. 2001) (explaining a plaintiff seeking a default judgment "must still prove . . . actual damages to a reasonable degree of certainty"); see also Cutcliff, 791 F.3d at 883. A court "may conduct hearings . . . when, to enter or effectuate judgment," it needs to, *inter alia*, "establish the truth of any allegation by evidence," to "determine the amount of damages" or "investigate any other matter." Fed. R. Civ. P. 55(b)(2)(B)-(D); see Stephenson v. El-Batrawi, 524 F.3d 907, 915 (8th Cir. 2008).

Under Federal Rule of Civil Procedure 4(e)(1), an individual may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Under Nebraska law, several methods of service are permitted, including service by certified mail. Neb. Rev. Stat. § 25–505.01(2)(c). The Nebraska rules of civil procedure provide that certified mail service "shall be made by (i) within ten days of issuance, sending the summons to the defendant by certified mail with a return receipt requested showing to whom and where delivered and the date of delivery, and (ii) filing with the court proof of service with the signed receipt attached[.]" Neb. Rev. Stat. § 25–505.01(1)(c)(i)&(ii). Proper service, or a waiver by voluntary appearance, is necessary to acquire personal jurisdiction over a defendant. Johnson v. Johnson, 803 N.W.2d 420, 422 (Neb. 2011).

The Nebraska Supreme Court has held that "§ 25–505.01 does not require service to be sent to the defendant's residence or restrict delivery to the addressee. Doe v. Board

*of Regents*, 788 N.W.2d 264, 280 (Neb. 2010), *overruled on other grounds*, *Davis v. State*, 902 N.W.2d 165 (Neb 2017). "But due process requires notice to be reasonably calculated to apprise interested parties of the pendency of the action and to afford them the opportunity to present their objections." *Id.*

"Under the Federal Rules of Civil Procedure, [a motion for default judgment] may be granted only in those instances in which 'a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend'" the action. *Norsyn, Inc. v. Desai*, 351 F.3d 825, 828 (8th Cir. 2003) (quoting Fed. R. Civ. P. 55(a)). "If the party against whom a default judgment is sought has incurred no obligation under the Federal Rules of Civil Procedure to 'plead or otherwise defend' the action," the Court should not grant a default judgment. *Id.*; *see also Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 685 (N.D. Iowa 1995) (stating that where "it appears from the record that [the plaintiffs] have never properly served the defendants . . . neither entry of default nor entry of default judgment would be proper.").

III. DISCUSSION

The Court finds the plaintiff has not established to the Court's satisfaction that defendant Ostad was properly served. Though the plaintiff may have complied with all of the requirements of § 25–505.01, that fact is not readily apparent since there are ambiguities on the proof of service and return receipt. Even if the plaintiff is in compliance with those requirements, the question is whether the certified mail service was reasonably calculated to apprise Ostad of the pendency of the action. This question presents an issue of fact. *Doe*, 788 N.W.2d at 280.

The Court finds a hearing is necessary in this case to determine (1) whether ZO Skin Health properly served defendant Ostad; (2) whether there is a sufficient basis for the judgment in the plaintiff's unchallenged pleading; (3) the amount of damages the plaintiff is entitled to recover from defendant Ostad; and (4) the propriety of injunctive relief. Accordingly,

IT IS ORDERED:

1. The plaintiff's request for a hearing is granted.

2. The plaintiff's motion for default judgment (Filing No. 12) is deferred pending the hearing.

3. The Court will conduct a hearing on defendant ZO Health's Motion for Default Judgment on December 18th at 9:00 a.m. in Courtroom 3, Roman L. Hruska Courthouse, 111 South 18th Plaza, Omaha, Nebraska 68102. Judgment may be entered following the hearing.

4. The Clerk of Court is directed to mail a copies of (1) the Complaint (Filing No. 1); (2) the plaintiff's Motion for Entry of Default; (Filing No. 10); (3) the Clerk's Entry of Default (Filing No. 11); (4) the plaintiff's Motion for Default Judgment (Filing No. 12); and (5) this Memorandum and Order to David Ostad, 7 Coachmans Court, Old Westbury, NY 11568.

Dated this 3rd day of December, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge