IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ZO SKIN HEALTH, INC., a California corporation,<br><br>                Plaintiff,<br><br>vs.<br><br>DAVID OSTAD, an individual, and JOHN DOE, an individual,<br><br>                Defendants. | Case No. 8:20-cv-85<br><br>**DEFAULT JUDGMENT AND PERMANENT INJUNCTION** |

This matter is before the Court on plaintiff ZO Skin Health, Inc.'s ("ZO Skin") motion for default Judgment against defendant David Ostad, Filing No. 2, after an evidentiary hearing on December 18, 2020.

Under the Federal Rules of Civil Procedure, the entry of a default judgment against a party is committed to the "sound discretion of the trial court." *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015). It is "appropriate for a district court to enter a default judgment when a party fails to appropriately respond in a timely manner." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010). "Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). It is, however, "incumbent upon the district court to ensure that 'the unchallenged facts constitute a legitimate cause of action' prior to entering final judgment." *Marshall*, 616 F.3d at 852-53 (quoting *Murray*, 595 F.3d at 871). Moreover, "a default judgment cannot be entered until the amount of damages has been ascertained." *Hagen v. Sisseton–Wahpeton Community College*, 205 F.3d 1040, 1042 (8th Cir. 2000).

1

The record shows that ZO Skin filed a complaint alleging trademark infringement, false advertising, trademark dilution, and unfair competition under the Lanham Act, 15 U.S.C. §§ 1117 & 1125, intentional interference with contracts, and other state law business torts on March 4, 2020. Filing Nos. 1 and 7. Ostad was served with the Summons and ZO Skin's Complaint on March 30, 2020. Filing Nos. 9 and 9-1. The deadline for Ostad to answer or otherwise respond to ZO Skin's Complaint was April 20, 2020. Fed. R. Civ. P. 12(a). On June 9, 2020, the Clerk of this Court entered an Entry of Default in favor of ZO Skin and against Ostad in this action. Filing No. 11. To date, Ostad has not answered or otherwise responded in this action. The clerk of court was directed to mail copies of pleadings and the notice of the hearing to the defendant at his last known address. Filing No. 15. Ostad did not appear at the hearing.

At the hearing, ZO Skin offered, and the Court received, the affidavits of Brenda K. Smith, Natasha Hodkinson and the Heather S. Voegele Anson. Filing Nos. 13-1, 313-2, 16-1. That evidence shows that the plaintiff has sustained damages in the amount of $459,832.00. The Court finds the plaintiff's complaint states a legitimate claim for trademark violations. The plaintiff's allegations that the defendant's conduct was willful are deemed admitted by virtue of the defendant's failure to appear. Accordingly, the Court finds the defendant's actions were willful and the plaintiff is entitled to treble damages under the statute. ZO Skin has also shown that it has incurred cost in the amount of $408.60 for filing and service fees, and attorney fees in the amount of $13,316.00, all pursuant to 15 U.S.C. § 1117(a).

The plaintiff has also shown that absent injunctive relief, the plaintiff will continue to unlawfully resell products bearing ZO Skin trademarks and will continue to infringe on

those trademarks causing continued irreparable harm to ZO Skin's reputation, goodwill, relationships, intellectual property, and brand integrity. The Court finds that injunctive relief is appropriate. Accordingly,

IT IS ORDERED that

1. Plaintiff's motion for a default judgment is granted.

2. A judgment in accordance with this memorandum and Order and a separate injunction will be entered.

Dated this 22nd day of December, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge